**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CHARLES E. WOIDE and SUSANNAH C. WOIDE,

    Plaintiffs,

v.                                                        Case No:  6:15-cv-1929-Orl-40GJK

FEDERAL NATIONAL MORTGAGE ASSOCIATION, CHOICE LEGAL GROUP, P.A., and BURR & FORMAN LLP,

    Defendants.

## **ORDER**

This cause comes before the Court upon review of the following items:

1. Defendant Choice Legal Group, P.A.'s Motion to Dismiss (Doc. 17), filed December 21, 2015;

2. Plaintiffs' Response and Objection to Defendant Choice Legal Group's Motion to Dismiss (Doc. 26), filed January 4, 2016;

3. Defendant Federal National Mortgage Association's Motion to Dismiss (Doc. 27), filed January 8, 2016;

4. Plaintiffs' Response and Objection to Defendant's Motion to Dismiss by Federal National Mortgage Association and Motion to Strike Defendant's Motion to Dismiss Filed by Federal National Mortgage Association (Doc. 33), filed January 19, 2016;

5. Defendant Burr & Forman, LLP's Motion to Dismiss (Doc. 28), filed January 8, 2016; and

1

      6. Plaintiffs Response and Objection to Defendant Burr & Forman, LLP's Motion to Dismiss (Doc. 32), filed January 19, 2016.

**I.    BACKGROUND[1]**

*Pro se* Plaintiffs, Charles E. Woide and Susannah C. Woide, initiated this lawsuit on November 13, 2015 against Defendants, Federal National Mortgage Association ("FNMA"), Choice Legal Group, P.A. ("Choice"), and Burr & Forman, LLP ("B&F"). Plaintiffs state that they own real property located in Volusia County, Florida (hereinafter referred to as the "Subject Property"). On December 28, 2007, Plaintiffs executed a mortgage obligation with Ramsey & Associates Mortgage Company which was secured by the Subject Property. Ramsey & Associates Mortgage Company later assigned the mortgage obligation to FNMA. On December 7, 2011, FNMA instituted state court foreclosure proceedings against Plaintiffs and the Subject Property, and these proceedings continue to this day.[2] On April 1, 2015, Plaintiffs notified FNMA by mail that they were rescinding the mortgage obligation on the Subject Property pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f.

In their Amended Complaint, Plaintiffs seek to vindicate their rights under TILA, the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55–559.785. Plaintiffs

---

[1] This account of the facts is taken from Plaintiffs' Verified First Amended Complaint and the documents attached thereto (Doc. 10), the allegations of which the Court accepts as true in considering Defendants' motions to dismiss. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992).

[2] The Court takes judicial notice of the state court's docket and all filings therein. *See* Fed. R. Evid. 201. The state court action is *Federal National Mortgage Association v. Woide, et al.*, No. 2011 12651 CIDL (Fla. Cir. Ct., Volusia Cty.). The state court's docket is a matter of public record and can be accessed at https://www.clerk.org.

essentially allege that they properly rescinded their mortgage obligation pursuant to TILA, but that Defendants continue to collect or attempt to collect on the mortgage despite Plaintiffs' rescission.  FNMA, Choice, and B&F now move to dismiss Plaintiffs' Amended Complaint for a variety of reasons.

## II. STANDARD OF REVIEW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's complaint.  In order to survive a motion to dismiss made under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face when the plaintiff alleges enough facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The mere recitation of the elements of a claim are not enough and the district court need not give any credence to legal conclusions that are not supported by sufficient factual material.  *Id.*  District courts must accept all well-pleaded allegations within the complaint and any documents attached thereto as true and read the complaint in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

The Court additionally has a duty to liberally construe a *pro se* plaintiff's complaint and to afford greater leeway in alleging a claim than what is given to licensed attorneys.  *Tennyson v. ASCAP*, 477 F. App'x 608, 609–10 (11th Cir. 2012) (per curiam).  Nevertheless, "a *pro se* party must follow the rules of procedure and evidence, and the district court has no duty to act as [a *pro se* party's] lawyer."  *Id.* at 610 (internal quotation marks omitted); *see also Porter v. Duval Cty. Sch. Bd.*, 406 F. App'x 460, 462 (11th Cir.

2010) (per curiam). Further, a district court may not "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009).

## III.   DISCUSSION

### A.   TILA and Disgorgement Claims

In Counts I and II, Plaintiffs ask the Court to declare that they rescinded their mortgage obligation under TILA and to disgorge FNMA of all monies it has unlawfully retained under the mortgage. FNMA moves to dismiss these claims on the grounds that Plaintiffs' alleged rescission was ineffective as a matter of law due to TILA's statute of repose.

"Under TILA, a debtor may rescind a mortgage 'until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms . . . , whichever is later . . . .'" *Smith v. Highland Bank*, 108 F.3d 1325, 1326 (11th Cir. 1997) (per curiam) (quoting 15 U.S.C. § 1635(a)). In the event that the debtor never receives the information and disclosures required by TILA, the "right of rescission shall expire three years after the date of consummation of the transaction," 15 U.S.C. § 1635(f), which TILA defines as "the time that a consumer becomes contractually obligated on a credit transaction," 12 C.F.R. § 1026.2(a)(13). As discussed in *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 417 (1998), section 1635(f) is not a statute of limitations which mandates when a cause of action must be initiated, but rather a statute of repose which provides when a person's right of rescission expires. As a result, TILA "permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." *Id.* at 419.

4

Here, although Plaintiffs contend that the mortgage obligation on the Subject Property was never consummated within the meaning of TILA, the promissory note and mortgage indicate otherwise. Plaintiffs executed the promissory note and mortgage on December 28, 2007, and the mortgage was thereafter recorded in the county's property records. Plaintiffs therefore became contractually obligated to FNMA, as the assignee of the mortgage, on that date. Because Plaintiffs consummated their mortgage obligation on December 28, 2007, their right to rescind under TILA expired at the latest on December 28, 2010. Plaintiffs' April 1, 2015 rescission letter is more than five years too late and, as a result, is ineffective as a matter of law. Plaintiffs' TILA claim will therefore be dismissed. Plaintiffs' disgorgement claim must likewise be dismissed, as it necessarily depends on Plaintiffs having properly rescinded their mortgage obligation.

### B.  FDCPA and FCCPA Claims

In Counts III and IV, Plaintiffs seek damages against FNMA, Choice, and B&F for allegedly violating the FDCPA and FCCPA. All three Defendants move to dismiss these counts for failing to state claims for relief.

Part of stating a claim under either the FDCPA or the FCCPA requires the plaintiff to allege that he or she was the subject of an unlawful debt collection practice. *See Read v. MFP, Inc.*, 85 So. 3d 1151, 1153 (Fla. Dist. Ct. App. 2012) ("[A] consumer seeking to recover damages under either the FDCPA or the FCCPA must allege . . . a violation of the provisions of the act actually sued upon."). A review of the Amended Complaint and Plaintiffs' responses in opposition to Defendants' respective motions to dismiss reveals that Plaintiffs premise their FDCPA and FCCPA claims solely on Defendants' collection activities after the purported rescission of the mortgage. Plaintiffs reason that the

rescinded mortgage is no longer enforceable and that, as a result, any attempt to collect on the mortgage is an unlawful attempt to collect an unenforceable debt in violation of the statutes. However, as explained above, Plaintiffs' rescission was ineffective as a matter of law. Consequently, Defendants' continued collection efforts are not unlawful and cannot form the basis of a claim under either the FDCPA or FCCPA.

### C.     Leave to Amend

As a final matter, the Court must discuss whether it is appropriate to grant Plaintiffs leave to amend. It is well-settled that a court should not dismiss a plaintiff's complaint for failing to state a claim without first granting leave to amend. *Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1307 (11th Cir. 1983) (per curiam). Nevertheless, a court may dismiss a claim without affording an opportunity to amend where amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment is futile when the plaintiff "provide[s] no reason for the district court to believe that he [or she] could offer sufficient allegations to make a claim for relief plausible on its face." *Patel v. Ga. Dep't BHDD*, 485 F. App'x 982, 983 (11th Cir. 2012) (per curiam).

Here, because all of Plaintiffs' claims derive from their legally ineffective rescission of the mortgage obligation under TILA, amendment would be futile. There are no allegations Plaintiffs can offer which would overcome the fact that their right of rescission has been extinguished as a matter of law. Accordingly, Plaintiffs' Amended Complaint must be dismissed with prejudice.

### IV.    CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' motions to dismiss (Docs. 17, 27, 28) are **GRANTED**.

2. Plaintiffs' Amended Complaint is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court is **DIRECTED** to terminate all pending motions and to close the file.

**DONE AND ORDERED** in Orlando, Florida on September 1, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties